**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Silver Two Investments, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>Arizona Greenway Hirani Investments, LLC, Capon Acquisition, LLC, and The Hirani Family Foundation,<br><br>              Defendants.<br>_____<br><br>The Hirani Family Foundation,<br><br>              Counter-Claimant,<br><br>v.<br><br>Silver Two Investments, LLC, Zulfikar Hirani and Sofi Hirani, and Abdul Hirani and Soniya Hirani,<br><br>              Counter-Defendants.<br>_____ | No. CV-13-00159-PHX-FJM<br><br>**ORDER** |

Before the court is plaintiff's motion for entry of default judgment against defendant Capon Acquisition, LLC ("Capon") (doc. 38), defendants Arizona Greenway Hirani Investments LLC ("Arizona Greenway") and The Hirani Family Foundation's objection (doc.

43), and Plaintiff's reply (doc. 46).[1] Defaulting defendant Capon did not respond to the motion.

Plaintiff filed this action against Capon and others on January 23, 2013. Capon was served with the summons and complaint on April 17, 2013. Capon did not answer or otherwise file a responsive memorandum. The clerk entered default against Capon on May 28, 2013. Plaintiff now seeks the entry of default judgment against Capon and seeks damages in the amount of $392,670.00.

After an entry of default, we may grant default judgment pursuant to Rule 55(b)(2), Fed. R. Civ. P. In exercising our discretion under Rule 55(b)(2), we may consider the possibility of prejudice to the plaintiff, the merits of the claims, the sufficiency of the complaint, the amount of money at stake, the possibility of a dispute of material facts, whether default was due to excusable neglect, and the policy favoring a decision on the merits. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).

According to the allegations in the Complaint, on or about March 16, 2009, the parties signed a Settlement Agreement whereby Capon agreed to transfer a 28% interest in the Greenway Shopping Center (the "Property") to Arizona Greenway and Plaintiff. Because of an ambiguity in the Settlement Agreement, Plaintiff and Nazy Hirani–manager and agent of Arizona Greenway–entered into a separate oral agreement whereby Nazy agreed that Capon would transfer the entire 28% interest in the Property to Arizona Greenway, and in turn Arizona Greenway would transfer a 22.4% membership interest in Arizona Greenway to Plaintiff. Plaintiff contends that neither transfer has occurred, and now seeks default judgment against Capon for its failure to transfer the 28% interest to Arizona Greenway.

In response to the motion for entry of default judgment, defendants Arizona Greenway and The Hirani Family Foundation contend that Capon has in fact complied with its obligation under the Settlement Agreement by executing a deed in favor of Arizona

---

[1] It is doubtful Arizona Greenway has standing to defend Capon, but Plaintiff fails to raise the issue.

- 2 -

1  Greenway of a 28% interest in the Property, but instead of recording the deed, has placed it
2  into escrow. Plaintiff acknowledges that this deed has been placed in escrow, but complains
3  that this does not constitute a transfer of Capon's interest—Capon is still the record owner
4  of the 28% interest.

5  The Settlement Agreement specifically provides that the transfer of Capon's 28%
6  interest in the Property "shall occur solely conditioned upon, and not before, consent by
7  Wells Fargo," the lender holding the deed of trust on the Property. Compl. ¶ 28. The escrow
8  instructions also recognize that the "Transaction is contingent on Wells Fargo (Existing
9  Financing) ("Lender") approving of this transfer of property interest between the parties
10 pursuant to the governing loan documents." Motion, ex. C. Because there is no showing that
11 Wells Fargo has consented to the transfer, we cannot say that Capon has breached its
12 obligation under the Settlement Agreement.

13 Considering the Eitel factors, we conclude that the merits of Plaintiff's claims against
14 Capon are questionable at best, the amount of money at stake is large, the possibility of
15 prejudice to Plaintiff is small given that Plaintiff's primary claims lie against the remaining
16 defendants, and policy considerations favor a decision on the merits. Therefore, we conclude
17 that default judgment against Capon is not warranted.

18 **IT IS ORDERED DENYING** plaintiff's motion for entry of default judgment at this
19 time (doc. 38).

20 DATED this 15th day of January, 2014.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge